**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

**JOHN CARMACK,**

    **Plaintiff,**

    v.                                                 Case No. 22-CV-695

**SNAP-ON INCORPORATED,**

    **Defendant.**

## [PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

The Court having held a Preliminary Approval Hearing on _____, 2023, at ____.m., in the Courtroom of The Honorable William E. Duffin, United States District Court for the Eastern District of Wisconsin (Milwaukee Division), 517 E. Wisconsin Ave., Milwaukee, Wisconsin, and having considered all matters submitted to it at the Preliminary Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Preliminary Approval of Class Action Settlement (this "Order") and good cause appearing therefore, and having considered the papers filed and proceedings held in connection with the Settlement, having considered all of the other files, records, and proceedings in the Action, and being otherwise fully advised,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED AS FOLLOWS:**

**PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

    1.    The Settlement Agreement, which is attached to Plaintiff's Unopposed Motion for Preliminary Approval ("Motion for Preliminary Approval") as Exhibit 1, is incorporated fully herein by reference. The definitions used in the Settlement Agreement are adopted in this Order and shall have the same meaning ascribed in the Settlement Agreement.

1

2. The Court has jurisdiction over (a) the claims at issue in this lawsuit, (b) Plaintiff Carmack, individually and on behalf of all others similarly situated ("Plaintiff"), and (c) Defendant Snap-on Incorporated ("Snap-on" or "Defendant" and together with Plaintiff, the "Parties").

3. This Order is based on Federal Rules of Civil Procedure 23 ("Rule 23").

4. The Court finds that the Parties' Settlement as set forth in Exhibit 1 to Plaintiff's Motion for Preliminary Approval is fair, reasonable, and adequate, and falls within the range of possible approval, and was entered into after extensive, arm's-length negotiations, such that it is hereby preliminarily approved and notice of the Settlement should be provided to the Settlement Class Members, pursuant to Rule 23(e).

## PROCEDURAL HISTORY

5. This case involves a putative class action against Snap-on relating to a Security Incident in which cybercriminals may have accessed the Personal Information of approximately 42,801 Snap-on associates and franchises in March 2022. Snap-on detected the intrusion in March and notified affected persons of the Security Incident in a notice sent on or around April 7, 2022.

6. On June 15, 2022, Plaintiff Carmack filed his Complaint alleging, among other things, that Snap-on failed to take adequate measures to protect his and other putative Class Members' Personal Information.

7. The Complaint alleges the following causes of action: (1) Negligence; (2) Breach of Implied Contract; (3) Unjust Enrichment; (4) Breach of Fiduciary Duty; (5) Violations of Wisconsin's Notice of Unauthorized Acquisition of Personal Information Statute; (6) Violation of Wisconsin's Deceptive Trade Practices Act; (7) Violation of Colorado's Consumer Protection Act; and (8) Injunctive Relief.

## SETTLEMENT BENEFITS AND AGGREGATE CAP

8. The Settlement negotiated on behalf of the Settlement Class provides for monetary relief to be paid by Snap-on to eligible claimants of a Settlement Class that includes 42,801 persons whose Personal Information was compromised as a result of the Security Incident and who were sent written notice thereof. Settlement Class Members may be eligible to receive the following Settlement Benefits:

    a. <u>An Additional Year of Credit Monitoring and Insurance Services</u>: Snap-on offered all Settlement Class Members 24 months of credit monitoring services with their initial Security Incident notice sent on or around April 7, 2022. All Settlement Class Members shall be eligible to receive an additional year of credit monitoring services, for a total of three years of credit monitoring services, measured from April 2022. Credit monitoring services include monitoring of all three credit bureaus, managed fraud assistance, a $1,000,000 insurance reimbursement policy, and assistance in implementing further protections, including freezing and unfreezing credit. All Settlement Class Members shall automatically be offered code(s) for credit monitoring services. (Credit Monitoring services for Settlement Class Members who activated the 24 months they were previously offered will be automatically extended for an additional year of such services, unless they decline the extra year through the Settlement Website; Settlement Class Members who did not activate the 24 months of credit monitoring services they were previously offered will be provided the activation code for three years of such services, measured from April 2022.) The codes will be sent with the Class Notice, and Settlement Class Members will not be required to file a formal claim to obtain this benefit but rather will merely need to enroll and activate the service, if they have not already done so.

b. <u>Payments</u>: All Settlement Class Members who submit a valid, complete, and timely Claim using the Claim Form, which is attached as Exhibit A to the Settlement Agreement, are eligible to be paid the following:

   i. Up to $750 for each Settlement Class Member who has not suffered any instance of identity theft or fraud and who submits a claim, under penalty of perjury, with accompanying documentation, verifying Out-of-Pocket Expenses as a result of the Security Incident, and/or who submits a claim for reimbursement for lost time (reimbursed at the actual hourly rate of the Settlement Class Member, with a minimum of $15 per hour and up to a maximum of $25 per hour). Settlement Class Members may submit claims for lost time with an attestation under penalty of perjury that they spent the claimed time addressing issues raised by the Security Incident and attesting to their hourly rate.

   ii. Up to $2,500 for each Settlement Class Member who has suffered an instance of identity theft or fraud and who submits a claim, under penalty of perjury, with accompanying documentation, verifying Out-of-Pocket Expenses as a result of the Security Incident.

c. <u>Non-Monetary Relief</u>: In addition to the settlement benefits set forth in subsections (a) and (b) above, Snap-on will maintain data security and business practice enhancements that were implemented after the Security Incident and verified in the Settlement Agreement to help better protect Plaintiff's and Settlement Class Members' Private Information in the future. Snap-on will continue to implement such practices through December 31, 2024. These practices include the following:

i. Heightened monitoring technology on servers and workstations across all environments;

ii. Strengthening authentication protocols; and

iii. Continued phishing training.

9. The payments available to Settlement Class Members under subsection (c) shall be capped at $400,000.00 in the aggregate. If the total amount of claims made exceeds the $400,000.00 aggregate cap, Approved Claims will be subject to a pro rata reduction such that the total amount of claims made does not exceed the $400,000 aggregate cap.

## CLASS CERTIFICATION

10. For purposes of settlement only, and pursuant to Federal Rule of Civil Procedure 23(c)(1)(b) ("Rule 23"), the Court provisionally certifies the class, defined as follows:

> All individuals residing in the United States whose Personal Information was compromised in the Security Incident that is the subject of the data security incident notice that Snap-on sent to Plaintiff and others in substantially the same form on or after April 7, 2022 (the "Settlement Class Members").

11. The Settlement Class specifically excludes: (i) Snap-on or any related entities, and their officers and directors; (ii) all Settlement Class Members who timely and validly request exclusions from the Settlement Class; (iii) any members of the judiciary who are or have presided over the instant Action and members of their families and staffs; and (iv) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding or abetting the criminal activity leading to the Security Incident or who pleads *nolo contendere* to any such charge.

12. The Court provisionally finds, pursuant to Rule 23(a) and (b)(3), for settlement purposes only, that: (a) the Settlement Class is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class;

5

(c) the Class Representatives' claims are typical of the claims of the Settlement Class; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class; (e) the questions of law or fact common to the Settlement Class Members predominate over any questions affecting only individual members; and (f) that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. Fed. R. Civ. P. 23(a)(1)-(4), (b)(3).

## **SETTLEMENT CLASS REPRESENTATIVE AND CLASS COUNSEL**

13. Plaintiff John Carmack is hereby provisionally designated and appointed as the Settlement Class Representative. The Court provisionally finds that the Settlement Class Representative is similarly situated to absent Settlement Class Members and is typical of the Settlement Class, and, therefore, will be an adequate Settlement Class Representative.

14. The Court finds that Nicholas A. Migliaccio, Jason Rathod, and Tyler Bean of Migliaccio & Rathod, LLP, and Larry A. Johnson of Hawks Quindel, S.C are experienced and adequate counsel and are provisionally designated as Settlement Class Counsel.

## **NOTICE TO SETTLEMENT CLASS**

15. No later than thirty (30) days after entry of the Preliminary Approval Order (the "Notice Deadline"), or such other time as may be ordered by the Court, the Settlement Administrator shall disseminate the Summary Notice to the Settlement Class Members as follows:

   a. The Settlement Administrator will send the Summary Notice via U.S. Mail, postage prepaid;

   b. For any Settlement Class Member for whom notice is returned as undeliverable, the Settlement Administrator shall re-mail the Summary Notice to the forwarding address, if any, provided by the Postal Service on the face of the returned mail and

email the Summary Notice if Snap-on has a valid email address for that Settlement Class Member;

c. For any U.S. Mailed Summary Notices that are returned undeliverable without forwarding address information, the Settlement Administrator shall use reasonable efforts to identify updated mailing addresses (such as running the mailing address through the National Change of Address Database) and (a) re-mail the Summary Notice to the extent an updated address is identified, and (b) email the Summary Notice if Snap-on has a valid email address for that Settlement Class Member.

d. The Settlement Administrator need only make one attempt to re-mail any Summary Notices that are returned as undeliverable.

e. A settlement website will be established by the Settlement Administrator, where key case documents and a claim filing portal will be provided.

f. Neither the Parties nor the Settlement Administrator shall have any other obligation to re-mail individual notices that have been mailed.

16. Prior to any dissemination of the Summary Notice and prior to the Notice Date, the Settlement Administrator shall cause the Settlement Website to be launched on the Internet. The Settlement Administrator shall create the Settlement Website. The Settlement Website shall contain information regarding how to submit Claim Forms (including submitting Claims Forms electronically through the Settlement Website) and relevant documents, including, but not limited to, the Long Form Notice, the Claim Form, the Settlement Agreement, this Preliminary Approval Order, and the operative Class Action Complaint in the Action, as well as the date, time, and place of the Final Approval Hearing. The Settlement Website shall also include a toll-free telephone number and mailing address through which Settlement Class Members may contact the

7

Settlement Administrator directly. The Settlement Website shall further allow for submission of Requests of Exclusion electronically through the Settlement Website.

17. The Claim Form, Long Form Notice, and Summary Notice, attached as Exhibits A, B, and C, respectively, to the Settlement Agreement, are constitutionally adequate and are hereby approved. The Notice contains all essential elements required to satisfy federal statutory requirements and due process under Rule 23(c)(2)(b), the United States Constitution, and other applicable laws. The Court further finds that the form, content, and method of providing the Settlement Class Notice, as described in the Settlement Agreement, including the exhibits thereto, (a) constitute the best practicable notice to the Settlement Class; (b) are reasonably calculated to apprise Settlement Class Members of the pendency of the action, the terms of the Settlement, their rights under the Settlement, including, but not limited to, their rights to object to or exclude themselves from the Settlement; and (c) are reasonable and constitute due, adequate, and sufficient notice to all Settlement Class Members.

18. The Notice Program set forth in the Settlement Agreement and described herein satisfies the requirements Rule 23(c)(2)(b), provides the best notice practicable under the circumstances, and is hereby approved.

19. The Settlement Administrator is directed to carry out Notice and the Notice Program, as set forth in the Settlement Agreement.

20. Settlement Class Members who seek to be excluded from the Settlement Class must notify the Settlement Administrator in writing, postmarked no later than forty-five (45) days after the Notice Deadline. Any Settlement Class Member may submit a Request for Exclusion from the Settlement at any time before the Opt-Out Deadline. To be valid, the Request for Exclusion must be (i) submitted electronically on the Settlement Website, or (ii) postmarked or received by the Settlement Administrator on or before the Opt-Out Deadline. In the event a

8

Settlement Class Member submits a Request for Exclusion to the Settlement Administrator via U.S. Mail, such Request for Exclusion must be in writing and include the individual's name and address; a statement that he or she wants to be excluded from the Action; and the individual's signature. Any person who elects to request exclusion from the Settlement Class shall not: (i) be bound by any orders or Judgment entered in the Action, (ii) be entitled to relief under the Settlement Agreement, (iii) gain any rights by virtue of the Settlement Agreement, or (iv) be entitled to object to any aspect of the Settlement Agreement. Requests for Exclusion may only be done on an individual basis, and no person may request to be excluded from the Settlement Class through "mass" or "class" opt-outs.

21. Settlement Class Members may enter an appearance in the Action, at their own expense, individually or through counsel of their own choice. If a Settlement Class Member does not enter an appearance, they will be represented by Settlement Class Counsel. A Settlement Class Member who wishes to object to the Settlement Benefits, the Service Award Request, and/or the Attorneys' Fee Award and Costs, or to appear at the Final Approval Hearing and show cause, if any, for why the Settlement should not be approved as fair, reasonable, and adequate to the Settlement Class, why a final judgment should not be entered thereon, why the Settlement Benefits should not be approved, or why the Service Awards and/or the Fee Award and Costs should not be granted, may do so, but must proceed as set forth in the Settlement Agreement. No Settlement Class Member or other person will be heard on such matters unless they have filed in this Action an objection, together with any briefs, papers, statements, or other materials the Settlement Class Member or other person who wishes the Court to consider, within forty-five (45) days following the Notice Deadline.

22. All written objections and supporting papers must clearly set forth the following: (a) the case name and number of the Action; (b) the objector's full name, address, email address, and

9

Case 2:22-cv-00695-WED    Filed 01/24/23    Page 9 of 14    Document 28

telephone number; (c) an explanation of the basis upon which the objector claims to be a Settlement Class Member; (d) all grounds for the objection, accompanied by any legal support for the objection; (e) the identity of all counsel who represent the objector, including any former or current counsel who may be entitled to compensation for any reason related to the objection to the Settlement, the fee application, or the application for Service Award; (f) the identity of all counsel representing the objector who will appear at the Fairness Hearing; (g) any and all agreements that relate to the objection or the process of objecting, whether written or verbal, between objector or objector's counsel and any other person or entity; (h) a list of any persons who will be called to testify at the Fairness Hearing in support of the objection; (i) a statement confirming whether the objector intends to personally appear and/or testify at the Fairness Hearing; and (i) the objector's signature on the written objection (an attorney's signature is not sufficient).

23. Any Settlement Class Member who does not make their objections in the manner and by the date set forth herein and in the Settlement Agreement shall be deemed to have waived any objections and shall be forever barred from raising such objections in this or any other action or proceeding, absent further order of the Court.

24. Without limiting the foregoing, any challenge to the Settlement Agreement, this Order Granting Preliminary Approval of the Class Action Settlement Agreement, and the Final Approval Order and Judgment shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

25. Snap-on will serve or cause to be served the notice required by the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), no later than ten (10) days after the Settlement Agreement is filed with the Court.

## ADMINISTRATION OF SETTLEMENT

26. The Settlement Class Representative, Settlement Class Counsel, and Snap-on have created a process for assessing the validity of claims and a payment methodology to Settlement Class Members who submit timely, valid Claim Forms. The Court hereby preliminarily approves the Settlement Benefits to the Settlement Class and the plan for distributing the Settlement Benefits as described in Section IV of the Settlement Agreement.

27. The Court appoints Angeion Group as Settlement Administrator.

28. The Court directs that the Settlement Administrator effectuate the distribution of Settlement Benefits according to the terms of the Settlement Agreement, should the Settlement be finally approved.

29. Settlement Class Members who qualify for Settlement Benefits and who wish to submit a Claim Form shall do so in accordance with the requirements and procedures specified in the Notice.

30. If the Final Approval Order and Judgment are entered, all Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures specified in the Notice, and who do not timely exclude themselves from the Settlement Class, shall be forever barred from receiving any payments or benefits pursuant to the Settlement set forth herein, but will in all other respects be subject to, and bound by, the provisions of the Settlement Agreement, the releases contained herein and the Final Approval Order and Judgment.

## **FINAL APPROVAL HEARING**

31. A Final Approval Hearing shall be held on _____, 2023 at the _____ noticed on the Settlement Website. The Court may require or allow the Parties and any objectors to appear at the Final Approval Hearing either in person or by telephone or videoconference.

32. At the Final Approval Hearing, the Court will determine whether: (1) this action should be finally certified as a class action for settlement purposes pursuant Rule 23(a)(1)-(4), (b)(3) & (c)(1)(b); (2) the Settlement should be finally approved as fair, reasonable, and adequate; (3) the action should be dismissed with prejudice pursuant to the terms of the Settlement Agreement; (4) Settlement Class Members should be bound by the Releases set forth in the Settlement Agreement; (5) Class Counsel's application for Attorneys' Fee Award and Costs should be approved; and (6) the Class Representatives' requests for Service Awards should be approved.

33. By no later than fourteen (14) days after the Objection Deadline, Plaintiff shall file a motion for final approval of the Settlement and a motion for Attorneys' Fees and Expenses and for Service Award.

34. This Order shall become null and void and shall be without prejudice to the rights of the Parties, all of whom shall be restored to their respective positions, if the Settlement is not finally approved by the Court.

35. In the event the Settlement Agreement is not approved by any court, or is terminated for any reason, or if the Settlement set forth in the Settlement Agreement is declared null and void, Settlement Class Members, the Settlement Class Representative Plaintiff, and Settlement Class Counsel shall not in any way be responsible or liable for any expenses, including costs of notice and administration associated with the Settlement or the Settlement Agreement, except that each Party shall bear its own attorneys' fees and costs.

36. In the event the Settlement and Settlement Agreement shall become null and void and be of no further force and effect, (a) the Court's orders, including this Order, shall not be used or referred to for any purpose whatsoever (except as necessary to explain the timing of the procedural history of the Action); and (b) no term or draft of the Settlement Agreement or any part of the Parties' settlement discussions, negotiations or documentation shall (i) be deemed an

12

admission or concession by any Party regarding the validity of any of the Releases or the propriety of certifying any class against any Defendant, or (ii) be deemed an admission or concession by any Party regarding the truth or falsity of any facts alleged in the Litigation or the availability or lack of availability of any defense to the Releases.

37. This order shall have no continuing force or effect if Final Judgment is not entered and shall not be construed or used as an admission, concession, or declaration by or against Snap-on of any fault, wrongdoing, breach, liability, or the certifiability of any class.

38. The preliminarily approved Settlement shall be administered according to its terms pending the Final Approval Hearing. Deadlines arising under the Settlement and this Order include, but are not limited to:

| EVENT | DATE |
|---|---|
| Entry of Preliminary Approval Order | |
| Defendant's CAFA Notice Deadline | 10 days after Motion for Preliminary Approval and Settlement Agreement are filed with Court |
| Notice Deadline | No later than 30 days after entry of the Preliminary Approval Order |
| Deadline for Class Members to Opt-Out of Settlement | 45 days after Notice Deadline |
| Deadline for Class Members to Object to Settlement | 45 days after Notice Deadline |
| Deadline for Class Members to Submit Timely, Valid Claims for Monetary Relief | 90 days after Notice Deadline |
| Deadline for Plaintiff to File Motion for Final Approval and Judgment | No later than 14 days after the Objection Deadline |

| | |
|---|---|
| Deadline for Plaintiff to File Motion for Attorneys' Fees, Expenses and Service Awards for Class Representatives | No later than 14 days after the Objection Deadline |
| Final Approval Hearing | TBD |

39. All proceedings and deadlines in this matter, except those necessary to implement this Order and the Settlement, are hereby stayed and suspended until further order of the Court.

40. All Class Members who do not validly opt out and exclude themselves are enjoined as of the Opt-Out Deadline from pursuing or prosecuting any of the Releases as set forth in the Settlement Agreement until further order of the Court.

### RESERVATION OF JURISDICTION

41. The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED, ADJUDGED, AND DECREED:**

Dated: _____, 2023

_____
HONORABLE WILLIAM E. DUFFIN
UNITED STATES DISTRICT JUDGE